T.C. Memo. 2001-111

UNITED STATES TAX COURT

OSAMA A. MOWAFI, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1663-00.                          Filed May 10, 2001.

<u>Mark E. Kellogg</u>, for petitioner.

<u>Taylor Cortright</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

LARO, <u>Judge</u>:  Petitioner petitioned the Court to redetermine deficiencies of $36,441 and $35,962 in his 1994 and 1995 Federal income tax.  We must decide whether petitioner is a real estate professional under section 469(c)(7).  We hold he is not.  Unless otherwise indicated, section references are to the Internal

Revenue Code applicable to the relevant years.  Rule references
are to the Tax Court Rules of Practice and Procedure.

### FINDINGS OF FACT

The parties have stipulated some of the facts.  We
incorporate herein by this reference the parties' stipulation of
facts and the exhibits submitted therewith.  We find the
stipulated facts accordingly.  Petitioner is a well-educated man
whose college degrees include a bachelor's degree in electrical
engineering (telecommunications), a master's degree in business
administration (business management), and a doctor's degree in
electrical engineering.  He resided in Vienna, Virginia, when his
petition was filed.  He filed 1994 and 1995 Federal income tax
returns using the filing status of "Married filing separately".

During the subject years, petitioner worked full time for
GTE, Inc. (GTE), as a director of research and the manager of its
research and development facility in Waltham, Massachusetts
(Waltham).[1]  He generally worked for GTE a minimum of 40 hours
per week, staying at his residence in Waltham during the week
(unless away from Waltham traveling on GTE business) and staying
at his wife's principal residence in Vienna, Virginia, on the

---

[1] GTE paid to petitioner in each of the subject years a
salary of approximately $200,000.  In part because of his
supervisor's perception that petitioner worked "long hours" for
GTE during the subject years, petitioner was later promoted to
vice president.

weekends.[2] He sometimes worked for GTE on the weekends but usually spent his weekends in Virginia with his wife, son, and daughter.

Petitioner also was involved with 17 rental real estate properties (rental properties) located in Virginia. He and his wife jointly owned nine of these rental properties, two of the others were owned by his brother, and the remaining six were owned by a partnership in which petitioner was a partner. Petitioner devoted some of his personal time during each of the subject years to maintaining and accounting for all of the rental properties.

On his 1994 and 1995 Federal income tax returns, petitioner recognized losses of $115,977 and $92,037, respectively, attributable to the rental properties. Respondent determined that these losses were passive losses the recognition of which was prohibited by the passive activity loss rules of section 469.

OPINION

Respondent determined and argues that petitioner may not deduct his claimed losses on account of the rules of section 469,

---

[2] Petitioner asks the Court to find as a fact that he worked in Massachusetts fewer than 3 days a week, referencing his 1994 and 1995 Massachusetts nonresident income tax returns reporting that he worked in Massachusetts during those respective years on 96 days and 86 days. We decline to do so. The record as a whole indicates that petitioner was physically present in Waltham at least 46 weeks while he worked for GTE, less 25 percent of that time during which he was physically absent from Waltham while conducting business for GTE.

which limit the current recognition of passive activity losses. Petitioner argues that he is excepted from the passive activity loss limitation rules because, he asserts, he is a real estate professional under section 469(c)(7). Petitioner concedes that respondent's determination must be sustained if he is not a real estate professional.

Individuals such as petitioner are generally precluded from currently deducting losses from a "passive activity", a term that is defined to include any trade or business activity in which the taxpayer does not materially participate and all rental activities regardless of the taxpayer's level of participation. Sec. 469(a), (c)(1), (2), (4). These passive loss rules, enacted as part of the Tax Reform Act of 1986, Pub. L. 99-514, sec. 501, 100 Stat. 2085, 2233, prevent affected taxpayers from using deductions from a passive activity to shelter wages or other active income. See generally Staff of Joint Comm. on Taxation, General Explanation of the Tax Reform Act of 1986, at 209-215 (J. Comm. Print 1987).

Although all rental activities are passive, Congress enacted an exception for certain post-1993 rental activities. See sec. 469(c)(7). Under this provision, petitioner will be considered a real estate professional, and the losses on his rental properties will not be per se passive, to the extent that he proves that he meets the following two requirements: (1) He performed more than

half of his personal services during the year in real property trades or businesses in which he materially participated and (2) he worked more than 750 hours a year in those real estate activities. See sec. 469(c)(7)(B); see also Rule 142(a) (petitioner bears the burden of proof); Welch v. Helvering, 290 U.S. 111, 115 (1933) (same). Petitioner's burden requires, in part, that he maintain sufficient documentation to substantiate the time that he devoted to his rental properties. See sec. 6001; Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976). As to the evidence that he may introduce to prove the amount of his personal time that he devoted to the rental properties, section 1.469-5T(f)(4), Temporary Income Tax Regs., 53 Fed. Reg. 5727 (Feb. 25, 1988), provides:

> (4) Methods of proof. The extent of an individual's participation in an activity may be established by any reasonable means. Contemporaneous daily time reports, logs, or similar documents are not required if the extent of such participation may be established by other reasonable means. Reasonable means for purposes of this paragraph may include but are not limited to the identification of services performed over a period of time and the approximate number of hours spent performing such services during such period, based on appointment books, calendars, or narrative summaries.

Petitioner has failed to carry his burden; i.e., we are not persuaded by the record that he was a real estate professional in either year. Petitioner strives to meet his burden by relying primarily on his testimony at trial and noncontemporaneous logs

which he prepared in connection with his audit to support the hours of personal time which he purportedly devoted to the rental properties. The logs list 2,102.5 hours and 2,116.5 hours of personal time that petitioner spent during the respective years working on the rental properties. We find these logs untrustworthy and decline to rely blindly upon them to reach petitioner's desired result.[3] Cf. Rapp v. Commissioner, T.C. Memo. 1999-249. Petitioner, for example, prepared these logs 2 to 3 years after the fact admittedly on the basis of speculation and with an end result in mind (i.e., the need to arrive at a certain minimum number of hours being attributable to the rental properties so that he would meet both the more-than-half-the-personal-service requirement of section 469(c)(7)(B)(i) and the 750-hour requirement of section 469(c)(7)(B)(ii)), and he concedes that the times set forth therein may be off by as much as 20 percent. The 1994 log also conflicts dramatically with an earlier log that he prepared listing the time that he purportedly spent on the rental properties; the prior log lists 1,096.5 hours of personal services that he performed as to the rental

---

[3] As to petitioner's testimony, we find much of it to be improbable, questionable, uncorroborated, inconsistent, and self-serving. Under the circumstances, we are not required to, and we do not, rely on that testimony to support his position herein. See Cebollero v. Commissioner, 967 F.2d 986, 989 (4th Cir. 1992), affg. T.C. Memo. 1990-618; Gatling v. Commissioner, 286 F.2d 139, 143-144 (4th Cir. 1961), affg. T.C. Memo. 1959-224; Tokarski v. Commissioner, 87 T.C. 74, 77 (1986).

properties (or, in other words, enough hours to meet the 750-hour requirement of section 469(c)(7)(B)(ii) but not enough hours to meet the more-than-half-the-personal-service requirement of section 469(c)(7)(B)(i)).[4]  We also note that some of the services which he asserts that he performed as to the rental properties (e.g., his time dedicated to purchasing his residence in Waltham, traveling between Vienna and Waltham outside of his work for GTE, and assisting in the preparation of his personal income tax returns) were for personal business, rather than related to his rental activities, and that the logs, when considered in connection with his time cards at GTE, reveal that he claims to have worked almost 24 hours in a day and, on one occasion, even more than 24 hours.  We also consider implausible on this record his assertion that he worked for GTE only 1,832 hours a year and that he spent almost all of his remaining time working on his rental properties.  See, e.g., Pohoski v. Commissioner, T.C. Memo. 1998-17.

Because petitioner has failed to prove either of the requirements set forth in section 469(c)(7)(B) for 1994 or 1995, we hold for respondent.  We have considered each of the arguments

---

[4] In fact, petitioner increased in the current 1994 log the number of hours in certain days he claimed to have worked on the rental properties by as much as 10 to 15.5 hours from the corresponding days listed in the prior log.

made by the parties and have rejected all arguments not discussed herein as meritless.  Accordingly,

Decision will be entered

for respondent.